RECEIVED
JAN 31 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

# F I L E D

FEB 1 9 2003

U. S. DISTRICT COURT
CLERK'S OFFICE
BY _____ Deputy

A CLAUDE L. RIVERS SR, §
AN INDIVIDUAL that IS A    Plaintiff, §
CITIZEN of the State of TEXAS §
v. §
B. §
HOUSING Authority §
City of AUSTIN AND Defendant. §
SECTION 8, §
A MUNICIPAL COPORATION
MAY be SERVED by
MARSHAL OFFICE At 1640-B EAST 2Nd AUSTIN, TX 78702
AND

CIVIL ACTION NO.

# A03CA 057SS

RITA WANSTROM, AN INDIVIDUAL, who is A citizen
of the State of TEXAS, MAY be served with
PROCESS At 1640-B EAST 2Nd AUSTIN, TX
78702 OR ATTORNEY JIM EWbANK
221 West 6th Street Ste. 900 AUSTIN, TX
78701,

JACKSON Cole, AN INDIVIDUAL, who is A
CITIZEN of the State of TEXAS, MAY be
SERVED with PROCESS At 1640-B EAST
2Nd AUSTIN, TX 78702 OR AttorNey
JIM EWbANK 221 West 6th Street
Ste. 900 AUSTIN, TX 78701,

1

Henry Flores, AN INDIVIDUAL, Who IS A CITIZEN of the State of TEXAS, MAY be Served with process At 1640-B EAST 2nd Street Austin, TEXAS 78702 OR ATTORNEY Jim EwbANK 221 West 6th street Ste. 900 Austin, TEXAS 78701

CARL S. Richie II, AN INDIVIDUAL, Who IS A CITIZEN of the State of TEXAS, MAY be Served with process At 1640-B EAST 2nd Street Austin, TEXAS 78702 OR ATTORNEY Jim Ewbank 221 West 6th Street Ste. 900 Austin, TEXAS 78701

Charles Bailey, AN INDIVIDUAL, who is A CITIZEN of the State of TEXAS, MAY be Served with process At 1640-B EAST 2nd Street Austin, TEXAS 78702 OR Attorney Jim Ewbank 221 West 6th street Austin, TEXAS 78701

JAMES L. HARGROVE, AN INDIVIDUAL, WHO IS A CITIZEN of the STATE of TEXAS, MAY be SERVED with PROCESS At 1640-B East 2nd STREET Austin, TEXAS 78702 OR ATTORNEY Jim Ewbank 221 West 6th STREET Ste. 900 Austin TX 78701

Judy PACIOCCO, AN INDIVIDUAL, WHO IS A CITIZEN of the STATE of TEXAS, MAY be SERVED with PROCESS At 1640-B EAST 2nd STREET Austin, TEXAS 78702 OR ATTORNEY Jim Ewbank 221 West 6th STREET Austin, TEXAS 78701

LISA GARCIA, AN INDIVIDUAL, WHO IS A CITIZEN of the STATE of TEXAS, MAY be SERVED with PROCESS AT 1640-B East 2nd STREET Austin, TEXAS 78702 OR ATTORNEY Jim Ewbank 221 West 6th STREET Ste. 900 Austin, TEXAS 78701

3

DIANE FALCON, AN INDIVIDUAL, who is a citizen of the State of Texas, may be served with process at 1640-B East 2nd Street Austin, Texas or Attorney Jim Ewbank 221 West 6th Street Ste. 900 Austin, Texas 78701

✓ KENNETH HARRINGTON, AN INDIVIDUAL, who is a citizen of the State of Texas, may be served with process at 1640-B East 2nd Austin, Texas 78702 or Attorney Jim Ewbank 221 West 6th Street Ste. 900 Austin Texas 78701

✓ Mary F. Reece, AN INDIVIDUAL, who is a citizen of the State of Texas, may be served with process at 6103 Manor Road #124 Austin, Texas 78723.

{Fed. R. Civ. P. 4(e)}
{Fed. R. Civ. P. 4(j)(2)}.

4

A.      Jurisdiction

The Court has jurisdiction over the lawsuit because the action arises under the 14th Amendment to the United States Constitution

The Housing Authority of the City of Austin and Section 8 have violated the plantiff constitutional Rights by Tortious Extraction of money from Utility Assistance payments without Due Process of law and Denied Constitutionally guaranteed right to Domestic Tranquility by the Delivery of a controlled substance— Marijunia— To the plantiff residence by an official of Section 8. Mail Fraud.

28 U.S.C 1331, 5 U.S.C. 702, 42 U.S.C. 1404a and 12 U.S.C. 1702 28 U.S.C 1339

1 of 2 Jurisdiction        5

B.      Jurisdiction

The Court has jurisdiction
OVER the lawsuit because the action
Arises  under  42 U.S.C. 1437d (L)
AND 42 U.S.C. 1437 j (D) (6) And
42 U.S.C 1437 u (C), 6(K) [42 U.S.C.
1437 d (K)]

The Congressionally guarenteed
rights To Timely Redress in Court.

28 U.S.C. 1339
28 U.S.C. 1331 , 5 U.S.C. 702 , 42 U.S.C.
1404a , 12 U.S.C 1702 , 42 U.S.C. 1437d (L),
42 U.S.C. 1437 j (D) (6) AND 42 U.S.C. 1437u (C),
6(K) [42 U.S.C. 1437 d (K)].

C.

# Conditions Precedent

All conditions precedent have been performed or have occurred.

[Fed. R. Civ. P. 9(c)]

D. U.S. Const. Amends. 14, 5, 18 U.S.C. 1964 (C) AND (D) Hobbs Act (18 U.S.C. 1951)

Beginning in or About January 1 of 1997, the exact date of which is unknown to the plantiff and continuant to present (January 21 of 2003) and beyond, in the Western District of Texas. Defendants; Rita Wanstrom, Jackson Cole, Henry Flores, CARL S. Richie II, Charles Bailey, James L. Hargrove and Judy Pacioco unlawfully and intentionally did combine conspire, confederate and agree with other to tortious extract money from Utility Payment Assistance funds. Commit Mail fraud by Posting reduced Utility Payment Assistance Checks. Associated with Lisa Garia and Diane Falcon, who Aided and abetted by Each other and others did knowingly and intentionally tortious extract money from Utility Payment Assistance funds.

Commit Mail Fraud by Posting Reduced Utility Payment Assistance Checks.

Beck V. Prupis (2000) 529 US 494, 146 L Ed 2d 561, 120 S Ct. 1608, 2000 CDOS 3177, 2000 Daily Journal DAR 4285, 16 BNA IER Cas 271, RICO Bus Disp Guide (CCH) ¶ 9869, 2000 Colo JCAR 2188, 13 FLW Fed 261

Haroco, Inc. V American Nat'l Bank + Trust Co. (1984, CA III) 747 F2d 384, affd (1985) 473 US 606, 87 L ED 2d 437, 105 S Ct. 3291 CCH Fed Secur L Rep ¶ 92087, 1985-2 CCH Trade Case ¶ 6667.

Blue Cross + Blue Shield of N.J. Inc. V. Phillip Morris, Inc. (1999, ED NY) 36 F Supp 2d 560, 23 EBC 2413, RICO Bus Disp Guide (CCH) 91 9686, 1999-1 CCH Trade Cases 91 72520 (criticized in Group Health Plan, Inc. V. Phillip Morris, Inc. (2000, DC Minn) 86 F Supp 2d 912, 24 EBC 2448, RICO Bus Disp Guide (CCH) 91 9853) and (criticized in Allegheny Gen. Hosp. V. Phillip Morris, Inc. (2000, CA3 Pa) 228 F3d 429, RICO Bus Disp. Guide (CCH) 91 9949, 2000-2 CCH Trade Cases 91 73058).

Banco de Ponce V. Negron (1989, ED NY) 726 F Supp 926, affd without op (1990, CA2 NY) 923 F2d 842, cert den (1991) 498 US 1087, 112 L Ed 2d 1050, 111 S Ct. 964.

Domestic Linen Supply & Laundry Co.
V. Central States, Southeast & South-
west Areas Pension Fund (1989, ED
Mich) 722 F Supp 1472, 11 EBC
1955, 132 BNA LRRM 2769, 114
CCH LC ¶ 11845.

Berg V. First American Bankshares, Inc.
(1986, App DC) 254 US App DC 198,
796 F2d 489, CCH Fed Secur L Rep
¶ 92833.

Glusband V. Benjamin (1981, SD NY)
530 F Supp 240

E. U.S. Const. Amends. 14, 18 U.S.C. 1964 (C) and (D)

Beginning in or about the last week of November, 2001, the exact date of which is unknown to plantiff in the Western District of Texas, The Defendants,

Kenneth Harrington, an employee of Section 8

AND

Mary F. Reece, an individual

unlawfully and intentionally did combine, conspire, confederate and agree with others to possess with intend to distribute 1 gram or more of a controlled substance marijunia to Chaude L. Rivers Sr. To deny the constitutionally guarenteed right to domestic tranquility.

Beck V. Prupis (2000) 529 US 494, 146 L Ed 2d 561, 120 S Ct. 1608, 2000 CDOS 3177, 2000 Daily Journal DAR 4285, 16 BNA IER Cas 271, RICO Bus Disp Guide (CCH) ¶ 9869, 2000 Colo JCAR 2188, 13 FLW Fed 261

Haroco, Inc. V American Nat'l Bank + Trust Co. (1984, CA III) 747 F2d 384, affd (1985) 473 US 606, 87 L ED 2d 437, 105 S Ct. 3291 CCH Fed Secur L Rep ¶ 92087, 1985-2 CCH Trade Case ¶ 6667.

Blue Cross + Blue Shield of N... Inc. V. Phillip Morris, Inc. (1999, ED NY) 36 F Supp 2d 560, 23 EBC 2413, RICO Bus Disp Guide (CCH) ¶ 9686, 1999-1 CCH Trade Cases ¶ 72520 (criticized in Group Health Plan, Inc. V. Phillip Morris, Inc. (2000, DC Minn) 86 F Supp 2d 912, 24 EBC 2448, RICO Bus Disp Guide (CCH) ¶ 9853) and (criticized in Allegheny Gen. Hosp. V. Phillip Morris, Inc. (2000, CA3 Pa) 228 F3d 429, RICO Bus Disp. Guide (CCH) ¶ 9949, 2000-2 CCH Trade Cases ¶ 73058).

Banco de Ponce V. Negron (1989, ED NY) 726 F Supp 926, affd without op (1990, CA2 NY) 923 F2d 842, cert den (1991) 498 US 1087, 112 L Ed 2d 1050, 111 S Ct. 964.

Domestic Linen Supply + Laundry Co.
V. Central States, Southeast + South-
west Areas Pension Fund (1989, ED
Mich) 722 F Supp 1472, 11 EBC
1955, 132 BNA LRRM 2769, 114
CCH LC ¶ 11845.

Berg V. First American Bankshares, Inc.
(1986, App DC) 254 US App DC 198,
796 F2d 489, CCH Fed Secur L Rep
¶ 92833.

Glusband V. Benjamin (1981, SDNY)
530 F Supp 240

F. U.S. Const. Amends. 14, 18 U.S.C. 1964 (C) and (D)

Beginning in or about the last week of November 2001, the exact date of which is unknown to plantiff in the Western District of Texas, the Defendants,

Kenneth Harrington, An Employee of Section 8 and

Mary F. Reece, An individual

Aided and Abetted by Each other and others, did knowingly and intentionally possess with intent to distribute 1 gram or more a controlled substance Marijunia to Chaude L. Rivers Sr. To Deny The constitutionally guarenteed right to Domestic Tranquility.

17

Beck V. Prupis (2000) 529 US 494, 146 L Ed 2d 561, 120 S Ct. 1608, 2000 CDOS 3177, 2000 Daily Journal DAR 4285, 16 BNA IER Cas 271, RICO Bus Disp Guide (CCH) ¶ 9869, 2000 Colo J C A R 2188, 13 FLW Fed 261

HAROCO, INC. V American Nat'l BANK + Trust Co. (1984, CA III) 747 F 2d 384, affd (1985) 473 US 606, 87 L ED 2d 437, 105 S Ct. 3291 CCH Fed Secur L Rep ¶ 92087, 1985-2 CCH Trade Case ¶ 6667.

Blue Cross + Blue Shield of N.Y. Inc. V. Phillip Morris, Inc. (1999, ED NY) 36 F Supp 2d 560, 23 EBC 2413, RICO Bus Disp Guide (CCH) ¶ 9686, 1999-1 CCH Trade Cases ¶ 72520 (criticized in Group Health Plan, Inc. V. Phillip Morris, Inc. (2000, DC Minn) 86 F Supp 2d 912, 24 EBC 2448, RICO Bus Disp Guide (CCH) ¶ 9853) and (criticized in Allegheny Gen. Hosp. V. Phillip Morris, Inc. (2000, CA3 Pa) 228 F3d 429, RICO Bus Disp. Guide (CCH) ¶ 9949, 2000-2 CCH Trade Cases ¶ 73058).

Banco de Ponce V. Negron (1989, ED NY) 726 F Supp 926, affd without op (1990, CA2 NY) 923 F2d 842, cert den (1991) 498 US 1087, 112 L Ed 2d 1050, 111 S Ct. 964.

Domestic L ᴊᴇɴ Supply + Lᵣ ᴀɴdry Co,
V. Cᴇɴᴛʀᴀl Sᴛᴀᴛᴇs, Soᴜᴛʜ ᴇᴀsᴛ + Soᴜᴛʜ—
wᴇsᴛ Aʀᴇᴀs Pᴇɴsɪoɴ Fᴜɴᴅ (1989, ED
Mich) 722 F Supp 1472, 11 EBC
1955, 132 BNA LRRM 2769, 114
CCH LC ¶ 11845.

Berg V. Fɪʀsᴛ Aᴍᴇʀɪᴄᴀɴ Bᴀɴᴋ sʜᴀʀᴇs, Iɴᴄ.
(1986, Aᴘᴘ DC) 254 US Aᴘᴘ DC 198,
796 F2d 489, CCH Fed Secur L Rep
¶ 92833.

Glusbᴀɴd V. Bᴇɴjᴀᴍɪɴ (1981, SDNY)
530 F Supp 240

G. U.S. CONST. Amends. 14, 18 U.S.C. 1964
(C) AND (D), HOBBS ACT (18 U.S.C
1951) U.S. CONST. AMENDS. 5.

Beginning IN OR about the last
week of November of 2001, the EXACT DATE
of which is unknown To the plantiff,
IN the Western DISTRICT of TEXAS, the
Defendents, Lisa Garcia Director of
Section 8, Kenneth Harrington QHS
Inspector and MARY F. Reece were,
acting under color of laws and regulations
of the United STATES of America,
Housing Authority of the City of Austin
and Section 8 when unlawfully,

Knowingly and intentionally did Combine,
conspire, confedrate and agree To
Defraud the plantiff of the lawful
benefits of Section 8 by the delivery
of a controlled substance Marijunia
To the plantiff residence To cause
A violation of 42 U.S.C. 13619
AND the constitutionally guarenteed
right To Due Process.

Beck V. Prupis (2000) 529 US 494, 146 L Ed 2d 561, 120 S Ct. 1608, 2000 CDOS 3177, 2000 Daily Journal DAR 4285, 16 BNA IER Cas 271, RICO Bus Disp Guide (CCH) ¶ 9869, 2000 Colo JCAR 2188, 13 FLW Fed 261

Haroco, Inc. V American Nat'l Bank + Trust Co. (1984, CA III) 747 F2d 384, affd (1985) 473 US 606, 87 L ED 2d 437, 105 S Ct. 3291 CCH Fed Secur L Rep ¶ 92087, 1985-2 CCH Trade Case ¶ 6667.

Blue Cross + Blue Shield of N.J. Inc. V.
Phillip Morris, Inc. (1999, ED NY) 36 F
Supp 2d 560, 23 EBC 2413, RICO Bus
Disp Guide (CCH) 91 9686, 1999-1 CCH
Trade Cases 91 72520 (criticized in
Group Health Plan, Inc. V. Phillip Morris,
Inc. (2000, DC Minn) 86 F Supp 2d
912, 24 EBC 2448, RICO Bus Disp
Guide (CCH) 91 9853) and (criticized
in Allegheny Gen. Hosp. V. Phillip
Morris, Inc. (2000, CA3 Pa) 228
F3d 429, RICO Bus Disp. Guide
(CCH) 91 9949, 2000-2 CCH Trade
Cases 91 73058).

Banco de Ponce V. Negron (1989, ED NY)
726 F Supp 926, affd without op
(1990, CA2 NY) 923 F2d 842, cert
den (1991) 498 US 1087, 112 L Ed
2d 1050, 111 S Ct. 964.

Domestic Linen Supply & Laundry Co,
v. Central States, Southeast & South-
west Areas Pension Fund (1989, ED
Mich) 722 F Supp 1472, 11 EBC
1955, 132 BNA LRRM 2769, 114
CCH LC ¶ 11845.

Berg v. First American Bankshares, Inc.
(1986, App DC) 254 US App DC 198,
796 F 2d 489, CCH Fed Secur L Rep
¶ 92833.

Glusband v. Benjamin (1981, SDNY)
530 F Supp 240

11. U.S. Const. Amends. 14, 18 U.S.C. 1,04(c) and (D), Hobbs Act (18 U.S.C. 1951) U.S. Const. Amends. 5.

Beginning in or about the last week of November of 2001, the exact date of which is unknown to the plantiff, in the Western District of Texas, the Defendents, Lisa Garcia director of Section 8, Kenneth Harrington QHS Inspector and Mary F. Reece, individual were acting under color of laws and regulations of the United States of America, Housing Authority of the City of Austin and Section 8 aided and abetted by each other and others, did knowingly and intentionally possess with intent to defraud the plantiff of the lawful benefits of Section 8 by distribution of a controlled substance marijunia 1 gram or more to the plantiff residence to cause a violation of 42 U.S.C. 13619 and the constitutionally guarenteed right to Due Process.

25

Beck V. Prupis (2000) 529 US 494, 146 L Ed 2d 561, 120 S Ct. 1608, 2000 CDOS 3177, 2000 Daily Journal DAR 4285, 16 BNA IER Cas 271, RICO Bus Disp Guide (CCH) ¶ 9869, 2000 Colo JCAR 2188, 13 FLW Fed 261

Haroco, Inc. V American Nat'l Bank + Trust Co. (1984, CA III) 747 F2d 384, affd (1985) 473 US 606, 87 L ED 2d 437, 105 S Ct. 3291 CCH Fed Secur L Rep ¶ 92087, 1985-2 CCH Trade Case ¶ 6667.

Blue Cross + Blue Shield of N.J., Inc. V.
Phillip Morris, Inc. (1999, ED NY) 36 F
Supp 2d 560, 23 EBC 2413, RICO Bus
Disp Guide (CCH) ¶ 9686, 1999-1 CCH
Trade Cases ¶ 72520 (criticized in
Group Health Plan, Inc. V. Phillip Morris,
Inc. (2000, DC Minn) 86 F Supp 2d
912, 24 EBC 2448, RICO Bus Disp
Guide (CCH) ¶ 9853) and (criticized
in Allegheny Gen. Hosp. V. Phillip
Morris, Inc. (2000, CA3 Pa) 228
F3d 429, RICO Bus Disp. Guide
(CCH) ¶ 9949, 2000-2 CCH Trade
Cases ¶ 73058).

Banco de Ponce V. Negron (1989, ED NY)
726 F Supp 926, affd without op
(1990, CA2 NY) 923 F2d 842, cert
den (1991) 498 US 1087, 112 L Ed
2d 1050, 111 S Ct. 964.

Domestic Linen Supply & Laundry Co.
V. Central States, South east & South-
west Areas Pension Fund (1989, ED
Mich) 722 F Supp 1472, 11 EBC
1955, 132 BNA LRRM 2769, 114
CCH LC ¶ 11845.

Berg V. First American Bankshares, Inc.
(1986, App DC) 254 US App DC 198,
796 F 2d 489, CCH Fed Secur L Rep
¶ 92833.

Glusband V. Benjamin (1981, SD NY)
530 F Supp 240

I. U.S. Const. Amends. 14, Hobbs Act (18 U.S.C. 1951)

Beginning in or about January 1 of 1997, the exact date of which is unknown to the plantiff and continuant to present (January 21 of 2003) and beyond, in the Western District of Texas. The Housing Authority of the City of Austin and Section 8 acting under color of the laws and regulations of the United States of America has policies and customs in place that enabled its agents and employees to tortious extract money from Utility Payment Assistance funds as provide by H.U.D. for "Family" or "Tenant". Commit Fraud by Mail by posting reduced Utility Payment Assistance checks

29

TO "Family" or "Tenant" by United States Mail.

{42 U.S.C. 1983; Tennessee V. Garner, 471 U.S. 1, 7, 105 S.Ct. 1694, 1699 (1985); Brown V. Bryan City., 219 F. 3d 450, 462-63 (5th Cir. 2000)}. Hobbs Act (18 U.S.C. 1951)

Beck v. Prupis (2000) 529 US 494, 146 L Ed 2d 561, 120 S Ct. 1608, 2000 CDOS 3177, 2000 Daily Journal DAR 4285, 16 BNA IER Cas 271, RICO Bus Disp Guide (CCH) ¶ 9869, 2000 Colo JCAR 2188, 13 FLW Fed 261

Haroco, Inc. v American Nat'l Bank & Trust Co. (1984, CA III) 747 F2d 384, affd (1985) 473 US 606, 87 L ED 2d 437, 105 S Ct. 3291 CCH Fed Secur L Rep ¶ 92087, 1985-2 CCH Trade Case ¶ 6667.

Blue Cross + Blue Shield of N.J. Inc. V. Phillip Morris, Inc. (1999, ED NY) 36 F Supp 2d 560, 23 EBC 2413, RICO Bus Disp Guide (CCH) ¶ 9686, 1999-1 CCH Trade Cases ¶ 72520 (criticized in Group Health Plan, Inc. V. Phillip Morris, Inc. (2000, DC Minn) 86 F Supp 2d 912, 24 EBC 2448, RICO Bus Disp Guide (CCH) ¶ 9853) and (criticized in Allegheny Gen. Hosp. V. Phillip Morris, Inc. (2000, CA3 Pa) 228 F 3d 429, RICO Bus Disp. Guide (CCH) ¶ 9949, 2000-2 CCH Trade Cases ¶ 73058).

Banco de Ponce V. Negron (1989, ED NY) 726 F Supp 926, affd without op (1990, CA2 NY) 923 F2d 842, cert den (1991) 498 US 1087, 112 L Ed 2d 1050, 111 S Ct. 964.

Domestic Linen Supply & Laundry Co.
V. Central States, Southeast & South-
west Areas Pension Fund (1989, ED
Mich) 722 F Supp 1472, 11 EBC
1955, 132 BNA LRRM 2769, 114
CCH LC ¶ 11845.

Berg V. First American Bankshares, Inc.
(1986, App DC) 254 US App DC 198,
796 F2d 489, CCH Fed Secur L Rep
¶ 92833.

Glusband V. Benjamin (1981, SDNY)
530 F Supp 240

J. U.S. Const. Amends. 14, 5, 18 U.S.C 1951.

Beginning in or about January 1 of 1997, the EXACT DATE of which is unknown to the plantiff and continuant to present (January 21 of 2003) and beyond, in the Western District of Texas. Defendant; The Housing Authority of the city of Austin and Section 8 acting under color of the laws and regulations of United States of America has policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. The Defendant has policies and customs, e.g. TORTIOUS EXTRACTION of money from

35

"Family" AND "Tenant", tolerating unlawful acts by Agents and Employees, tolerating misconduct by Agents and Employees, encouraging misconduct by failing to EXERCISE DUE Diligence, failing to ADEQUATELY Supervise, DISCIPLINE or TRAIN.

{42 U.S.C. 1983; Tennessee V. Garner, 471 U.S. 1, 7, 105 S. Ct. 1694, 1699 (1985); Brown V. Bryan City., 219 F. 3d 450, 462-63 (5th Cir. 2000)}.

Beck V. Prupis (2000) 529 US 494, 146 L Ed 2d 561, 120 S Ct. 1608, 2000 CDOS 3177, 2000 Daily Journal DAR 4285, 16 BNA IER Cas 271, RICO Bus Disp Guide (CCH) ¶ 9869, 2000 Colo JCAR 2188, 13 FLW Fed 261

HAROCO, INC. V American Nat'l Bank & Trust Co. (1984, CA III) 747 F2d 384, affd (1985) 473 US 606, 87 L ED 2d 437, 105 S Ct. 3291 CCH Fed Secur L Rep ¶ 92087, 1985-2 CCH Trade Case ¶ 6667.

Blue Cross + Blue Shield of N.v. Inc. V. Phillip Morris, Inc. (1999, ED NY) 36 F Supp 2d 560, 23 EBC 2413, RICO Bus Disp Guide (CCH) 91 9686, 1999-1 CCH Trade Cases 91 72520 (criticized in Group Health Plan, Inc. V. Phillip Morris, Inc. (2000, DC Minn) 86 F Supp 2d 912, 24 EBC 2448, RICO Bus Disp Guide (CCH) 91 9853) and (criticized in Allegheny Gen. Hosp. V. Phillip Morris, Inc. (2000, CA3 Pa) 228 F3d 429, RICO Bus Disp. Guide (CCH) 91 9949, 2000-2 CCH Trade Cases 91 73058).

Banco de Ponce V. Negron (1989, ED NY) 726 F Supp 926, affd without op (1990, CA2 NY) 923 F2d 842, cert den (1991) 498 US 1087, 112 L Ed 2d 1050, 111 S Ct. 964.

Domestic Linen Supply & Laundry Co. v. Central States, Southeast & Southwest Areas Pension Fund (1989, ED Mich) 722 F Supp 1472, 11 EBC 1955, 132 BNA LRRM 2769, 114 CCH LC ¶ 11845.

Berg v. First American Bankshares, Inc. (1986, App DC) 254 US App DC 198, 796 F2d 489, CCH Fed Secur L Rep ¶ 92833.

Glusband v. Benjamin (1981, SD NY) 530 F Supp 240

K.

## Count 1 - Violation of Constitutional Rights

The exercise of these established policies and customs violated plaintiff's clearly established rights under the United States Constitution to

the right to Domestic Tranquility

the right to Equal Protection

the right to Due Process

Count 2. - 42 U.S.C. § 1983 Against
                  Individual Defendants

The Defendants acted willfully,
deliberately, unlawfully, maliciously, or
with reckless disregard for
Plaintiff's constitutional rights.

Count 3. State law claims

   Fraud, Theft, Official Oppression
   Delivery of a Controlled Substance,
   Distribution of a Controlled
   Substance.

Count 4. Compliance with Notice Provisions

41

K.1.                      AMENDMENTS

1. Plaintiff reserves the right
AMEND lawsuit AS the FACTUAL devel-
opment of this CAUSE of ACTION
MAKes Apparent the Need.

## L.  DAMAGES

—    As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages:

A.  Intentional infliction of emotional distress.

b.  Tortious interference with contract.

C.  Breach of fiduciary duty.

D.  Breach of contract.

E.  Unfair business practices.

F.  Interference with due process.

G.  Constitutional Torts.

H.  Damage to reputation in the past and future.

I. Pain and Suffering

J. Physical pain and mental anguish in the past and future.

K. Treble Damages.

L. Statutory Damages.

M. Fraud.

N. Mail Fraud.

O. Conspiracy to Defraud.

P. Conspiracy against rights.

Q. Reliance damages.

M.

# Prayer

— For these reasons, plaintiff ask for judgment against defendent for the following:

## Equitable Remedy

1. Independant Aribitrator be appointed to conduct all administrative grievance hearing, informal Hearing and formal hearing.

2. The pass thru in full value, any and all Utility Assistance Payments (H.A.P. Funds) made by H.U.D. for "Family" or "Tenant".

3. Termination of contracts be Administered according to 42 U.S.C. 1436a.

44

4. Review AND correction of All policies And customs that gave rise To This lawsuit.

# Actual Damages

5. Housing Authority of the City of Austin
   $100,000,000.00

6. Section 8
   $100,000,000.00

# RICO Related Damages

7. Rita Wanstrom
   $10,000,000.00

8. Jackson Cole
   $10,000,000.00

9. Henry Flores
   $10,000,000.00

10. Carl S. Richie II
    $10,000,000.00

11. Charles Bailey
$10,000,000.00

12. James L. Hargrove
$10,000,000.00

13. Judy Paciocco
$10,000,000.00

14. Lisa Garcia
$20,000,000.00

15. Diane Falcon
$20,000,000.00

16. Kenneth Harrington
$20,000,000.00

17. Mary F. Reece
$20,000,000.00

Total Actual Damages  $200,000,000.00
Total RICO Related Damages $150,000,000.00
Treble Amount  $450,000,000.00

18. Total  $800,000,000.00

20. Prejudgment and postjudgment interest.

21. Cost of Suit

22. If any, reasonable Attorney fees.

23. All other relief the court deems appropriate.

No.

I believe under penalty of perjury that the foregoing is True and correct.

Signed this 29th day of JANUARY, 2003.

Respectfully sumitted

by: Claude L. Rivers Sr.,
Pro Se
6103 MANOR ROAD
# 230
AUSTIN, Tx 78723

Telephone Number   NONE

FAX   NUMBER 512-928-9511

48

PLAINtiFF's DemAND for Jury TrAil

Plaintiff, ClAude L. RiVERS Sr., ASSERTS his rights under the Seventh Amend- ment TO the U.S. CONSTITUTION And demANds, IN accordANce with FederAl Rule of Civil Procedure 38, a TrAil by Jury oN All issues.

Respectfully submitted

Claude L. Rivers Sr., Pro Se

6103 MANOR RoAd
# 230
AusTIN, TExAS 78723

Tel. _____NONE_____

FAX. 512-928-9511